UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
CITY OF PERTH AMBOY,

                Plaintiff,

    - against -

SAFECO INSURANCE CO. OF AMERICA,

                Defendant.
------------------------------------------------------------X

    2:07-cv-04420
    (WJM)(MF)


## OBJECTIONS OF DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA TO MAGISTRATE'S REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR REMAND BE GRANTED


TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP
Attorneys for Defendant
Safeco Insurance Company of America
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753-2702
(516) 240-8900

## TABLE OF CONTENTS

TABLE OF CONTENTS........................................................................................... i

TABLE OF CASES AND AUTHORITIES................................................ iii

Introductory Statement........................................................................................... 1

Standard of Review: *De Novo* ............................................................................. 1

Specific Objections ................................................................................................ 2

1.  The R&R Used The Wrong Legal Standard, The Fraudulent
    Joinder Standard Of No Colorable Claim And No Good
    Faith Intent To Prosecute Against The Joined Defendant,
    To Determine Whether The Purpose Of The Post Removal
    Motion Was To Defeat Federal Jurisdiction; The R&R
    Confirms (At p. 6, fn. 2) That The Wrong Standard Was Used................... 2

    a.  The R&R's Use Of The Improper Standard ..................................... 2

    b.  The Batoff Decision (Fraudulent Joinder) ........................................ 3

    c.  The Cases Cited For The R&R Rely Upon Batoff
        (Fraudulent Joinder)............................................................................ 4

    d.  Footnote 2 Confirms That the R&R Is Using The Wrong
        Standard (Fraudulent Joinder) ........................................................... 5

    e.  Hensgens Confirms That Fraudulent Joinder Is Not
        The Correct Standard........................................................................... 6

    f.  Post Hensgens Decisions Do Not Apply A Fraudulent
        Joinder Standard Where Plaintiff Seeks To Add A
        Previously Known Nondiverse Party................................................... 7

    g.  Conclusion Regarding Improper Standard (Fraudulent
        Joinder) ............................................................................................... 8

2.  The R&R Errs With Respect To The Owner's Improper
    Motivation........................................................................................................ 9

3.  The R&R's Incorrect Statement That Safeco Will Be Litigating
    In The State Court "Regardless Of The Outcome Of This Motion"
    And The Owner Has Been Dilatory In Seeking To Add The
    Nondiverse Party............................................................................................ 13

4.      The "Remaining Factors":  The R&R (1) Does Not Distinguish
        Between Legal Prejudice and Economic Prejudice; (2) Does Not
        Address Safeco's Offer Of A Mutual Discovery Schedule For
        The Two Actions; (3) TAK Is Not A Necessary Party; and
        (4) Continues To Be Premised Upon The False Understanding
        That Safeco Will Be Litigating The State Court Action
        "Regardless" ................................................................................... 14

5.      The R&R Does Not Even Address The Mayor's  Comments
        About Visiting The Jobsite With The State Court Judge And
        Informing Him Of TAK's Problems........................................... 17

6.      Remand Should Be Denied Under The Judicial Estoppel Doctrine ........... 18

7.      Failure To Annex The Proposed Pleading, Owner's Representation
        That Its Claims Against  TAK Are The Same As Previously Asserted
        In State Court, Federal Claims Are Now "Futile" In Light Of Prior
        Pending State Court Action ........................................................ 19

Conclusion............................................................................................. 20

## TABLE OF CASES AND AUTHORITIES

Advanced Logistical Support, Inc. v. Fritz Companies, Inc.
2003 WL 161440 (E.D. La. 2003)...............................................................2

American Home Products Corp. v. Adriatic Ins. Co.
286 N.J.Super. 24, 668 A.2d 67 (A.D. 1995)................................13,17

Batoff v. State Farm Ins. Co.
977 F.2d 848 (3d Cir.1992).......................................................3,4,5

Continental Cas. Co. v. Dominick D'Andrea, Inc.
150 F.3d 245 (3rd Cir. 1998)...................................................1

Guldner v. Brush Wellman, Inc.
2001 WL 856699 (E.D.Pa 2001).............................................2,4,5

Hensgens v. Deere & Co.
833 F. 2d 1179 (5th Cir. 1987) ....................................2,3,6,7,8,9,15,17

Irigoyen v. State Farm Lloyds
2004 WL 398553 (S.D. Tex. 2004) ....................................................8

Krystal-Cadillac Oldsmobile GMC Truck, Inc. v.
General Motors Corp.
337 F.3d 314 (3d Cir. 2003).................................................18

Mersmann v. Continental Airlines
335 F. Supp.2d 544 (D.N.J. 2004)...........................................2,4,5

Moore's Federal Pamphlet §107[14][2][e][i], at 107-62.............................18

Nester v. O'Donnell
301 N.J.Supp. 198, 693 A.2d 1214 (1997)......................................11

Richards v. LeSaffre Yeast Corp.
2007 WL 2274402 (M.D.Ala. 2007)................................................14

Wright and Miller
Federal Practice and Procedure, §1688.......................................11,12,20

Statutes

28 U.S.C. §1447(e)…………………………………………………………………….2,9

Introductory Statement:

Pursuant to 28 U.S.C. §636(b)(1), Fed R. Civ. P. 72(b) and L. Civ. R. 72.1 (c)(2), defendant Safeco Insurance Company of America respectfully submits the instant objections to the December 26, 2007 Report and Recommendation of Magistrate Judge Mark Falk ("R&R") recommending that the post removal motion of plaintiff City of Perth Amboy (the "Owner") to add a previously known nondiverse party, the defaulted contractor TAK Construction, Inc. ("TAK"), be granted, and accordingly, since there would now be no diversity, that the case be remanded to State Court.

Standard of Review:  *De Novo*

Local Civ. Rule 72.1 (c)(2) provides in pertinent part that "a judge shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  *See also* Continental Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3rd Cir. 1998).

Specific Objections

1. The R&R Used The Wrong Legal Standard, The Fraudulent
   Joinder Standard Of No Colorable Claim And No Good
   Faith Intent To Prosecute Against The Joined Defendant,
   To Determine Whether The Purpose Of The Post Removal
   Motion Was To Defeat Federal Jurisdiction; The R&R
   Confirms (At p. 6, fn. 2) That The Wrong Standard Was Used

   a.  The R&R's Use Of The Improper Standard

   The R&R, at p. 6 states as follows:

   > The fact is Plaintiff seeks to assert viable claims against a
   > related party arising out of the same dispute.  Generally,
   > if a proposed claim is viable, and there is genuine intent
   > to prosecute the claim in good faith, the primary purpose
   > of joinder  is not to defeat  federal jurisdiction.  See
   > Mersmann v. Continental Airlines, 335 F. Supp.2d 544,
   > 547-48 (D.N.J. 2004); Guldner v. Brush Wellman, Inc.,
   > No. 01-176, 2001 WL 856699, at *2-3 (E.D. Pa. July 25,
   > 2001).  This factor weighs in favor of joinder.

   This is the wrong legal standard for determining the first Hensgens[1] factor of

   "the extent to which the purpose of the amendment is to defeat federal

   jurisdiction".  The R&R incorrectly applies the "fraudulent joinder" standard,

   which should only be used in that context, namely where plaintiff sues both diverse

   and nondiverse defendants in State Court, the diverse defendant removes the action

   to Federal Court, and then the nondiverse defendant opposes plaintiff's remand

   ---

   [1] Plaintiff's motion for joinder and remand is governed by 28 U.S.C. §1447(e), which grants the court the discretion
   to "deny joinder, or permit joinder".  In interpreting §1447(e), courts often apply the standards set forth in Hensgens
   v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987), which seek to determine (1) whether the purpose of amended
   pleading is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3)
   whether plaintiff will be significantly injured if the amended petition was disallowed; and (4) any additional factors
   bearing on the equities.  Advanced Logistical Support, Inc. v. Fritz Companies, Inc., 2003 WL 161440 at *1 (E.D.
   La. 2003).

motion upon the ground that plaintiff's original State Court joinder of the nondiverse party was fraudulent. By contrast, the "fraudulent joinder" standard should not be applied to the dramatically different facts of the instant matter, where the plaintiff Owner sues <u>only</u> the diverse surety in State Court and chooses not to sue the known nondiverse defaulted contractor, and then only after the diverse surety removes the action to Federal Court, the plaintiff Owner now decides to reverse its prior decision and moves to add the previously known nondiverse contractor and remand the action to State Court. The difference in the two contexts is clear. It all starts with plaintiff's initial decision in State Court to either (1) sue both diverse and nondiverse defendants (where the "fraudulent joinder" standard and its "heavy burden of persuasion" applies to an attempt to overturn plaintiff's choice of joining the nondiverse defendant), or (2) sue only the diverse defendant and not also the known nondiverse defendant (where there is a balancing test under <u>Hensgens</u> and the cases hold that the purpose of the post removal motion to add the nondiverse defendant is to defeat federal jurisdiction). It is not proper to apply the "fraudulent joinder" standard to the dramatically different context where plaintiff is seeking to add a previously known nondiverse party to overturn the diverse defendant's statutory right to remove and choose the federal forum.

b.    <u>The Batoff Decision (Fraudulent Joinder)</u>

This "fraudulent joinder" standard is articulated in <u>Batoff v. State Farm Ins.</u>

Co., 977 F.2d 848, 851 (3d Cir.1992).  In Batoff, a Pennsylvania psychologist, as assignee of his patients, brought suit in State Court to recover fees for treating patients injured in automobile accidents against State Farm (an Illinois citizen), the insurer of Batoff's patients, and Paul, a Pennsylvania psychologist in private practice, retained by State Farm to evaluate Batoff's bills.  State Farm removed the case to Federal Court, and alleged in its removal petition that Paul was only joined by Batoff to defeat diversity.  The Third Circuit held that Batoff's remand motion should have been granted, stating that the removing party carries a "heavy burden of persuasion," and stating the following test for fraudulent joinder.

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.  Batoff, 977 F.2d at 851 (internal citations omitted).

c.    The Cases Cited For The R&R Rely
      Upon Batoff (Fraudulent Joinder)

The above two cases cited in the R&R at p. 6, Mersmann v. Continental Airlines, 335 F. Supp.2d 544 (D.N.J. 2004) and Guldner v. Brush Wellman, Inc., 2001 WL 856699 (E.D.Pa. 2001), both made the mistake of applying the "fraudulent joinder" standard set forth in Batoff to a different factual situation, namely the context of a motion to add a nondiverse party after removal which would defeat Federal jurisdiction.  In Guldner, the Court found that the amended

complaint states a "colorable claim" against the defendants, and stated that "[A]t this stage of the proceedings, the Court should not engage in a deeper analysis of the documents or facts," Guldner, 2001 WL 856699 at *3 *citing* Batoff. Likewise, in Mersmann, the Court cited Batoff for the statement that joinder is fraudulent where there is no colorable claim or no good faith intention to prosecute.

As set forth above, the "fraudulent joinder" standard should only be applied to a true fraudulent joinder case, where the issue is whether plaintiff originally improperly joined a nondiverse defendant with a diverse defendant.

d.    Footnote 2 Confirms That the R&R Is
      Using The Wrong Standard (Fraudulent Joinder)

Footnote 2, at page 6, demonstrates that the R&R used the erroneous standard of "fraudulent joinder," and exposes the inconsistencies in the R&R. Footnote 2 states "[h]ad plaintiff simply filed an amended pleading including claims against TAK, the appropriate analysis would have been one of fraudulent joinder, which places a heavy burden of persuasion on the opposing party." With all due respect, Safeco respectfully submits that the Magistrate Judge did not realize that he was actually applying the "fraudulent joinder" analysis, for the R&R's analysis at p. 6 ("if a proposed claim is viable, and there is a genuine intent to prosecute the claim in good faith") is almost verbatim to the "fraudulent joinder" analysis quoted above from Batoff (colorable claim and good faith intent to

prosecute).  Further, since the Magistrate Judge indicates in footnote 2 that the

"fraudulent joinder" analysis is not "appropriate," and since this inappropriate

standard was the one actually used, then the R&R's conclusion that the purpose of

the proposed joinder is not to defeat federal jurisdiction cannot stand.

e.   Hensgens Confirms That Fraudulent
Joinder Is Not The Correct Standard

In addition, an examination of Hensgens, and its progeny shows that the

"fraudulent joinder" standard and its "heavy burden of persuasion" is not the

correct standard where plaintiff seeks, after removal, to add a previously known

nondiverse party.

In Hensgens, the Court stated that "the addition of a nondiverse party must

not be permitted without consideration of the original defendant's interest in the

choice of forum;" "[t]he district court, when faced with an amended pleading

naming a new nondiverse defendant in a removed case, should scrutinize that

amendment more closely than an ordinary amendment" and, "[I]n this situation,

justice requires that the district court consider a number of factors to balance the

defendant's interest in maintaining the federal forum with the competing interest of

not having parallel cases."  Hensgens, 833 F.2d at 1182.

It is respectfully submitted that the "fraudulent joinder" standard of

"colorable claim" does not constitute the "more close scrutiny" called for by

<u>Hensgens</u>, and that this standard does not properly "balance defendant's interest in maintaining the federal forum." Again, the fundamental problem is that this "fraudulent joinder" standard should not apply to a <u>Hensgens</u> situation "when [a district court is] faced with an amended pleading naming a new nondiverse defendant in a removed case." 883 F.2d at 1182. Nowhere in <u>Hensgens</u> does the Fifth Circuit state that the first factor (purpose to defeat federal jurisdiction) is to be determined by the "fraudulent joinder" standard of colorable claim and the good faith intention to prosecute claim; the application of this standard is inconsistent with the reasoning of <u>Hensgens</u>.

      f.     Post <u>Hensgens</u> Decisions Do Not Apply A
             Fraudulent Joinder Standard Where Plaintiff
             <u>Seeks To Add A Previously Known Nondiverse Party</u>

Further, a review of the seven cases cited Safeco at pages 14 and 15 of its Memorandum demonstrates that the "fraudulent joinder" standard is not the correct standard to determine the first factor of purpose to defeat Federal jurisdiction. Not one of those cases employs the "fraudulent joinder" standard; there is no discussion as to whether the proposed pleading alleges a colorable claim, and whether plaintiff has a good faith intention to prosecute the claim. Rather, the relevant fact in all of those cases was that the plaintiff knew of the nondiverse party when plaintiff chose to commence suit in State Court without naming the

nondiverse party, and then, after defendant removes the action to Federal Court, plaintiff seeks to add the nondiverse party. This fact has repeatedly been held to be sufficient to demonstrate the improper purpose to defeat diversity. As stated in Irigoyen v. State Farm Lloyds, 2004 WL 398553 *3 (S.D. Tex. 2004) ("In cases applying the Hensgens factors, when the plaintiff knew about the nondiverse party's activities at the time the suit was originally brought in state court, but still chose not to include that party as an original defendant, courts have viewed any later attempt to add the nondiverse party as a defendant as nothing more than an attempt to destroy diversity").

If these seven decisions had applied the "fraudulent joinder" standard and its "heavy burden of persuasion," then the results would have been reversed in all seven cases.

g.    Conclusion Regarding Improper
       Standard (Fraudulent Joinder)

In conclusion, the "fraudulent joinder" standard should be applied to a true "fraudulent joinder" case – where plaintiff sues both diverse and nondiverse defendants in State Court, and the diverse removing defendant claims that the joinder was fraudulent. The "fraudulent joinder" standard should not be applied to the facts of the instant case – where plaintiff chooses to sue only the diverse defendant in State Court, and then, after removal, now seeks to add the previously

known nondiverse defendant and thereby destroy diversity.  The proper standard to be applied in the instant case is the statute, 28 U.S.C. § 1447(e), Hensgens, and the numerous cases that have held, based upon similar facts, that the improper purpose to defeat jurisdiction has been established.

2.    The R&R Errs With Respect To
      The Owner's Improper Motivation

The R&R states at page 6 that "the court will not ascribe a[n] improper purpose to plaintiff's motion without more specific evidence."  The R&R discusses two pieces of evidence that, in the view of the R&R, do not show that the purpose was to defeat diversity.

First, the R&R states at page 5, that while there is no doubt that the Owner knew about TAK, the Owner did not have to include TAK in its original complaint since the complaint sought "only specific performance" from the surety and "[m]onetary damages are not demanded"; that Safeco's "counterclaims expanded this case from one seeking specific performance to one involving an allocation of monetary damage arising out of the agreement, which would necessarily include TAK"; and that this "demonstrates a plausible explanation for not naming TAK initially."

Safeco respectfully disagrees that this is a "plausible explanation," because the Owner's complaint, seeking only specific performance, made no sense at the

outset since there is no cause of action for "equitable relief" in respect of a construction contract. Safeco's Memorandum, at page 6, footnote 1, cited the Lester's Home Furnishers' decision for this proposition; the Owner failed to respond in its Reply Memorandum. The R&R does not address the Lester's decision, and cites no authority for the proposition that a complaint seeking specific performance of a construction contract states a cause of action. Thus, the Owner's claim, however pleaded, was always for monetary damages. Safeco's analysis of the Owner's complaint is supported by Judge Martini's statements that "[t]here's no basis for specific performance." Sept. 20, 2007 Transcript page 19, and the statement to the Owner that "[y]ou've got monetary damages" Sept. 20, 2007 Transcript page 18[2].

Safeco's counterclaims did not "expand" the litigation "from one seeking specific performance" since specific performance made no sense at the outset. Moreover, these were compulsory counterclaims under Fed. R. Civ. P. 13(a). Finally, the R&R's statement that "an allocation of monetary damages … necessarily include[s] TAK" (for which no authority is cited) is contrary to well established law that the principal TAK and surety Safeco are jointly and severally liable, and that the Owner may sue the surety alone without joining the contractor TAK as a necessary or indispensable party. "Joint and several liability is a common phrase, easily understood. It means the parties are responsible together

---

[2] Relevant pages of the transcript are annexed together as Exhibit A.

and individually. Further, the injured party may sue some or all of the defendants together, or each one separately, and may collect equal or unequal amounts from each in satisfaction of his damages." Nester v. O'Donnell, 693 A.2d. 1214, 1221 (1997), 301 N.J.Supp. 198, 693 A.2d 1214 (1997). This case and others are discussed in Safeco's Memorandum at pp. 22, 23; the Owner did not respond to this point in its Reply Memorandum.

Second, the R&R contends that plaintiff's motion to add TAK was not motivated by Judge Martini's September 20, 2007 rejection of plaintiff's application to compel Safeco to pay for certain computer connections, but was rather motivated by Safeco's counterclaims, stating that "if the motion was truly in response to Judge Martini's ruling, TAK could have been joined as a party in the six days between the decision and the filing of defendant's answer," citing Fed. Rule Civ. P. 15(a) that "a party may amend its pleadings once as a matter of course before a responsive pleading is filed." The R&R is clearly wrong because Fed. Rule Civ. P. 15, addresses only amendments of pleadings, not the addition of parties, which is governed by Fed. Rule Civ. P. 21. Fed. Rule Civ. P. 21 provides that "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just" (underlining added). Fed. Rule Civ. P. 21 (requiring a court order) takes precedence over Fed. Rule Civ. P. 15 (amendment of pleadings), see Wright and

11

Miller, Federal Practice and Procedure, §1688.

In summary, the facts clearly establish the Owner's improper purpose in seeking to add the nondiverse party TAK: (1) the Owner was clearly aware of the defaulted contractor (and nondiverse) TAK when it chose to sue the surety alone in State Court; (2) the Owner filed a certification in State Court that there are "no other parties who should be joined in the action;" (3) after TAK had commenced its own lawsuit against the Owner in State Court on September 13, and after Safeco removed the action to this Court on September 14, the Owner went into Federal Court and obtained an order to show cause regarding alleged emergency relief, demonstrating the Owner's intention to continue to litigate against the surety alone; and (4) the Owner received expressly critical comments from Judge Martini at the September 20 hearing on the order to show cause, including that "[t]here's no basis for specific performance;" "[Y]ou've got monetary damages;" (Transcript, p. 18); "I'm taken aback by this type of application on an emergent basis;" (Transcript, p. 19) and "I was a politician, I was a councilman, you know, and I probably know what was going on." (Transcript, p. 21.)[3]

In light of these undisputed facts, it is clear that the Owner proceeded too far in litigating the matter in Federal Court, and having "tested the waters" and lost, the Owner decided to defeat diversity jurisdiction by adding TAK as defendant.

---

[3] The transcript is annexed hereto as Appendix A.

12

3.    The R&R's Incorrect Statement That Safeco Will Be
      Litigating In The State Court "Regardless Of The
      Outcome Of This Motion;" The Owner Has
      Been Dilatory In Seeking To Add The Nondiverse Party

The R&R also incorrectly states at the bottom of page 6 as follows:

> Indeed, regardless of the outcome of this motion,
> Defendant will be litigating the same dispute in state
> court. This factor weighs heavily in favor of granting
> Plaintiff's motion.

This statement is patently inaccurate. If the Owner's remand motion is

denied, defendant Safeco "will [not] be litigating the same dispute in State Court"

because under the "comity stay" doctrine the State Court action against Safeco

would be stayed since (1) the instant Federal Court action was the first filed action;

(2) both cases involve substantially the same parties, claims and issues, and (3) the

Owner has the opportunity for adequate relief in the Federal action. *See* American

Home Products Corp. v. Adriatic Ins. Co., 286 N.J.Super. 24, 37 668 A.2d 67, 73-

74 (A.D. 1995). We simply do not know how much of the R&R is based upon the

erroneous understanding that Safeco will be litigating the same dispute in State

Court "regardless of the outcome of this motion." However, Safeco respectfully

submits that this incorrect understanding also permeates the R&R's treatment of

the "remaining factors" discussed at item 4 below.

Further, the R&R states that the Owner has not "unduly delayed in bringing

its motion" (p. 6), stating it was filed within approximately one month of the

commencement of the suit and 10 days after Safeco filed its answer.  The problem

with the R&R's statement is that it does not address the three cases cited by Safeco

at pp. 17 and 18 of its Memorandum; these cases stand for the proposition that

"dilatory" does not refer to the time elapsed between an event (commencement of

suit, date of removal, etc.) and the motion to add the nondiverse defendant, but

rather refers to the fact that "[a] plaintiff who waits to seek to amend the complaint

to add a known nondiverse party can be found to have been dilatory about seeking

the amendment.  *** ... a plaintiff's failure to name such a defendant when the suit

was filed and before it was removed was dilatory if plaintiff could have ascertained

the identity of the resident defendant without discovery".  Richards v. LeSaffre

Yeast Corp., 2007 WL 2274402 at *3 (M.D.Ala. 2007).  Based upon these three

cases, the "dilatory" factor closely approximates the "intent to defeat diversity"

factor.

4.   The "Remaining Factors":  The R&R (1) Does Not Distinguish
     Between Legal Prejudice and Economic Prejudice; (2) Does Not
     Address Safeco's Offer Of A Mutual Discovery Schedule For The
     Two Actions; (3) TAK Is Not A Necessary Party; and (4) Continues
     To Be Premised Upon The False Understanding That Safeco
     Will Be Litigating The State Court Action "Regardless"

The R&R, at p. 7, states that "[T]he remaining factors also clearly weigh in

favor of joinder," citing the increased litigation costs to both parties of litigating

"related state law issues simultaneously in two separate courts," and TAK is a

"necessary" party.

First, the R&R does not address the numerous cases cited by Safeco at pp.

19 and 20 of its Memorandum that the "prejudice" required under this third

Hensgens factor is legal prejudice (inability of plaintiff to pursue its claims against

TAK in the State Court action) and not economic prejudice (costs of litigating

against Safeco in Federal Court and TAK in State Court).  This distinction was

clearly made in Apollo Alternative Fuels Co. v. Energy Ventures Organization, as

follows:

> ...the court determines that this [prejudice] factor does
> not favor Plaintiffs.  While there will be additional costs
> associated with the parallel state action if Plaintiffs
> pursue litigation against Dickson in State
> Court, Plaintiffs have wholly failed to state how they will be
> legally prejudiced.  In other words, if they have viable
> claims against Dickson, they have not shown how their
> ability to pursue such claims in State Court is legally
> compromised or hampered.   2007 WL 1002243 at *3
> (N.D. Tex. 2007).

Here the Owner has already demonstrated that it can obtain complete relief

against TAK in TAK's State Court action.  See the Owner's counterclaims against

TAK.

Second, with respect to the Owner's costs of litigating claims against Safeco

in Federal Court and TAK in State Court, the Court in Doe #4 v. Society for

Creative Anachronism, Inc., stated:

> [t]his Court would be amenable to arranging discovery
> on a mutual basis between this case and any State Court
> action against Schragger to avoid duplication of

> depositions and other discovery matters, assuming
> Plaintiffs move ahead and file a complaint against
> Schragger forthwith. 2007 WL 2155553 at *4 (E.D. Pa.
> 2007)

Safeco, in its Memorandum at p. 21, stated that "Safeco is amenable to a similar mutual discovery schedule of the instant Federal Court action and TAK's State Court action." The R&R does not address Safeco's offer.

Third, and again, the R&R has misapprehended the law of suretyship by contending that the principal and contractor TAK is a "necessary" party. (See the R&R's statement regarding "[t]he presence of a closely related state court proceeding with all of the necessary parties," clearly referring to TAK). The law is absolutely clear that TAK is not a necessary or indispensable party because the principal and surety are "jointly and severally liable," and thus the Owner may sue the Surety alone. (Safeco's Memorandum at pp. 21, 22.) The R&R is attempting to relieve the Owner from its original tactical decision to sue the Surety alone. All of the Owner's claims of "prejudice" (adopted in the R&R) were the very risks that the Owner was willing to assume when the Owner made its original decision to sue the Surety alone.

Fourth, again, the R&R is simply wrong when it states that Safeco will be litigating "related state law issues simultaneously in two separate courts;" "[T]o do so would stand judicial economy on its head;" and "judicial economy strongly

favors joinder and remand." As set forth above, if the remand motion is denied, then Safeco will <u>not</u> be litigating in State Court under the "comity stay" doctrine. *See* <u>American Home Products Corp</u>, 286 N.J.Super. at 37. The R&R's entire arguments about "prejudice" from "increased costs" and "judicial economy" is based upon the false premise that Safeco will be litigating in the State Court if remand is denied. Since the premise is invalid, the conclusion of "prejudice" must likewise fall.

Further, the R&R does not appear to grasp that the <u>Hensgens</u> factors require the District Court "to balance the defendant's interests in maintaining the Federal forum with the competing interests of not having parallel lawsuits." <u>Hensgens</u>, 833 F. 2d at 1182. <u>Hensgens</u> understands that if remand is denied, then there will be a "parallel lawsuit" (in this case, TAK and the Owner in State Court). The R&R does not properly balance Safeco's interest in the Federal forum; what appears to be paramount to the R&R is "judicial economy."

5.   The R&R Does Not Even Address The Mayor's Comments About Visiting The Jobsite With The State Court Judge And Informing Him Of TAK's Problems

Additionally, the R&R fails to address the uncontroverted fact that the Owner's Mayor has stated that he visited the jobsite with State Court Judge Francis, and informed him of TAK's problems (Hester Affid., para. 8). It was the same Judge Francis that signed the order to show cause for public service

emergency relief in State Court, which prompted Safeco to remove the motion to Federal Court. The Mayor's statements about Judge Francis were cited by Safeco in its Memorandum at p. 25 as an additional factor in balancing the equities against remand. We are puzzled by the R&R's failure to address the Hester Affid. and this argument. No mention is made of the Hester Affid. in the R&R. The R&R at p. 4 sets forth three arguments made by Safeco, but ignores this entire argument based upon the Mayor's uncontroverted comments.[4] One of the purposes of federal diversity jurisdiction in general - - and removal, specifically - - is to protect the diverse defendant from potential local prejudice. *See* Moore's Federal Pamphlet § 107[14][2][e][i], at 107-62.

6.   Remand Should Be Denied Under
     The Judicial Estoppel Doctrine

The R&R states at p. 7 that judicial estoppel is a doctrine to prevent litigants from "playing fast and loose with the courts." However, the R&R goes on to state that the judicial estoppel doctrine is an "extraordinary remedy that 'should only be applied to avoid a miscarriage of justice' " Krystal-Cadillac Oldsmobile GMC Truck, Inc. v. General Motors Corp, 337 F.3d 314, 319 (3d Cir. 2003), and "[s]uffice it to say that the doctrine does not apply here."

We disagree because the R&R only cites one of the two inconsistent owner positions, namely the Owner's certification that there were "no other parties [i.e.

---

[4] The Owner submitted a reply Affidavit by Mayor Vas where he does not controvert Hester Affidavit that he made these statements.

TAK] who should be joined as required by N.J. Ct. R. 4:5-1(b)(2)." The R&R does not address the second inconsistent Owner position cited by Safeco, namely that the Owner has litigated too far in Federal Court, by obtaining an order to show cause, losing the application and receiving critical comments from the Federal Court, and then seeking remand to State Court by moving to add a previously known nondiverse party (Safeco Memorandum, pp. 27, 28). The R&R has only addressed Judge Martini's adverse Owner rulings only in the earlier part regarding improper purpose to defeat diversity (pp. 5 and 6); nowhere does the R&R address the concept of how far can the Owner proceed to litigate the case in Federal Court, thereby adopting the Federal Court as the proper forum, and then, after an adverse ruling with critical comments, now seek to add TAK to destroy diversity. Both factors, taken together, clearly demonstrate that judicial estoppel should be applied.

7.    Failure To Annex The Proposed Pleading,
      Owner's Representation That Its Claims Against
      TAK Are The Same As Previously Asserted In State
      Court, Federal Claims Are Now "Futile" In Light
      Of Prior Pending State Court Action

The R&R states at p. 8 that (1) discretion is warranted to exercise discretion to consider a motion to add TAK without the proposed pleading based upon the Owner's representation "that its claims against TAK are the same claims contained in its state court pleading," and (2) Safeco has not argued that these claims are "clearly futile."

What the R&R does not realize is that the Owner's proposed Federal Court claims against TAK are "clearly futile" because there is a prior pending State Court action where the "same claims" have been previously asserted against TAK. Under the prior pending action doctrine the "same claims," now asserted in Federal Court would have to be dismissed, and therefore they are "clearly futile." *See* Wright and Miller Federal Practice and Procedure 3d §1360.

Moreover, the R&R's use of the "clearly futile" standard again confirms that the R&R is using the wrong standard of "fraudulent joinder" ("no colorable claim").

Conclusion

For the reasons set forth above and in Safeco's original opposition papers, the Report and Recommendation should not be adopted, and the remand motion be denied.

Dated:   Jericho, New York
         January 10, 2008

TORRE, LENTZ, GAMELL, GARY
& RITTMASTER, LLP
Attorneys for Defendant
Safeco Insurance Company of America

By: _____
      Kevin M. Gary, Esq.
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753-2702
(516) 240-8900