UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CITY OF PERTH AMBOY,** | |
| Plaintiff, | Civ. No. 07-4420 |
| v. | OPINION |
| **SAFECO INSURANCE COMPANY Of AMERICA,** | HON. WILLIAM J. MARTINI |
| Defendant. | |

<u>**MARTINI, U.S.D.J.**</u>

This matter comes before the Court on Plaintiff City of Perth Amboy's Motion for Joinder and Remand. Defendant Safeco Insurance Company of America opposes the motion. Magistrate Judge Mark Falk entered a Report and Recommendation on December 27, 2007 (hereinafter "R&R") in favor of granting Plaintiff's motion. Defendant filed objections to the R&R. There was no oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the parties' submissions and a *de novo* review of the R&R, the Court agrees with the findings and conclusions in the R&R. Accordingly, Plaintiff's Motion for Joinder and Remand is granted.

**I.    BACKGROUND**

As the R&R accurately lays forth the full background and procedural history of this case, the Court recites only the following relevant facts pertaining to its *de novo* review. This construction contract dispute was initially brought by Plaintiff in state court

on September 7, 2007. On September 13, 2007, TAK Construction, Inc. ("TAK") filed a separate lawsuit in state court against Plaintiff for breach of contract and breach of the covenant of good faith and dealing, among others. On September 14, 2007, Defendant removed this case to federal court based upon diversity jurisdiction. Upon removal, Plaintiff sought immediate relief in the form of specific performance in an application for an order to show cause. This Court denied the application on September 20, 2007. On September 26, 2007, Defendant filed an Answer and Counterclaim for declaratory relief and monetary damages. On October 11, 2007, Plaintiff filed an Answer and Counterclaim in the state court case involving TAK. Concurrently, Plaintiff filed a Third-Party Complaint in the TAK state court case against Defendant.

On October 12, 2007, Plaintiff filed this present motion to join TAK as a non-diverse party and sought remand of this case to state court. Defendant opposed. After careful consideration of the parties' submissions, Magistrate Judge Falk recommended the joinder of TAK and remand to state court on December 26, 2007. Defendant objected to the recommendation. Before this Court is a consideration of the parties' full submissions and a *de novo* review of the disputed findings and conclusions in the R&R.

## II. DISCUSSION

### A. *Standard of Review*

A United States Magistrate Judge is vested with the authority to hear a pretrial

matter dispositive of a claim and to enter a recommendation for its disposition. Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1). A party may object to the recommended disposition of the matter by filing a written objection within ten days of being served with a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2). Thereafter, the district court "shall make a *de novo* determination of those positions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2).

    *B.*    Hensgens *Factors*

Courts may permit joinder of a non-diverse party to a removed case, even if that joinder would then require the court to remand the action back to state court. 28 U.S.C. § 1447(e). Although motions to amend are liberally granted under Rules 15(a) and Rule 20, a court must scrutinize motions to amend more carefully where a plaintiff seeks to join a non-diverse party, and as a result, deprive a federal court of subject matter jurisdiction. When assessing motions to amend under §1447(e), courts in this district along with numerous other districts have adopted a flexible and equitable approach developed by the Fifth Circuit Court of Appeals in *Hensgens v. Deere & Co*. 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Doe v. Soc'y for Creative Anachronism, Inc*., No. 07-1439, 2007 WL 2155553, at *3, 2007 U.S. Dist. LEXIS 53644, at *11 (E.D. Pa. July 25, 2007)(noting that although the Third Circuit has not yet articulated an analytical method to 28 U.S.C. §

1447(e), district courts have adopted the *Hensgens* approach).

After identifying and articulating the appropriate structure of analysis under §1447(e), Judge Falk considered the four *Hensgens* factors: (1) whether the purpose of the plaintiff's motion is to defeat diversity jurisdiction; (2) whether the plaintiff was dilatory in seeking to amend his complaint; (3) whether the plaintiff will be prejudiced if the motion is not granted; and (4) any other equitable factors. *See Hensgens*, 833 F.2d at 1182. In balancing the "defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits," Judge Falk concluded that the *Hensgens* factors weighed in favor of joinder and remand. *Id*. Defendant objects to the R&R's analysis of each of the *Hensgens* factors. After a *de novo* review of the R&R and Defendant's objections, this Court finds that the R&R correctly determined that the four *Hensgens* factors weighed in favor of granting Plaintiff's motion to join TAK and remand this action to state court.

   (i)  Purpose of Amendment

The first *Hensgens* factor is an examination of the extent to which defeating Defendant's choice in the federal forum was the purpose of Plaintiff's decision to add the non-diverse party, *i.e.* plaintiff's motive.[1] The Court's scrutiny of motive must focus on

---

[1] In its objections to the R&R, Defendant focuses a significant portion of its brief on certain language used in the R&R and asserts that Judge Falk's review of the first *Hensgens* factor was based upon the wrong standard of fraudulent joinder. Although Defendant is correct in concluding that the "fraudulent joinder" standard is inappropriate in this case, Defendant misconstrues the standard employed in the R&R. The R&R expressly rejected the fraudulent joinder standard and focused its analysis on the purpose of the joinder motion. To the extent that the R&R borrowed concepts from the fraudulent joinder standard to assist in discerning Plaintiff's primary motive, the Court finds no error. In

4

the specific facts and circumstances in this case.[2] The parties' actions during the period between the filing of the complaint and the motion to amend is an appropriate matter for consideration by the Court.

In turning to the specific facts in this case, Defendant contends that the primary motivation for Plaintiff's motion to add TAK was to defeat federal jurisdiction, because: (1) Plaintiff could have included TAK in the original complaint, but Plaintiff strategically chose not to include TAK; (2) the actions of Defendant and TAK subsequent to the filing of Plaintiff's original complaint did not require Plaintiff to add TAK to this suit; and (3) the timing of Plaintiff's motion, after this Court's denial of the Order to Show Cause, suggests that Plaintiff is seeking an alternative forum. As discussed below, the Court finds that the facts do not evidence a primary intent to defeat this Court's diversity jurisdiction.

Plaintiff has provided several legitimate reasons for failing to name TAK as a

---

any event, the Court's *de novo* review confirms that the first *Hensgens* factor was given appropriate weight.

[2] Defendant cites to *Irigoyen v. State Farm Lloyds*, No. CA-C-03-324-H, 2004 WL 398553, at *3, 2003 U.S. Dist. LEXIS 27353, at *10 (S.D. Tex. 2004) to support their position that "the relevant fact [in post-*Hensgens* cases] was that the plaintiff knew of the nondiverse party when plaintiff chose to commence suit in State Court without naming the nondiverse party, and then, after defendant removes the action to Federal Court, plaintiff seeks to add the nondiverse party." (Def.'s Objections 7-8.) Defendant, however, misconstrues the relevant quote in *Irigoyen* which cites *In re Norplant Contraceptive Products Liability Litigation*, 898 F.Supp. 433, 435 (E.D. Tex. 1995). *In re Norplant Contraceptive Products Liability Litigation* held that one important fact in discerning the plaintiff's motive was the timing of plaintiff's discovery of the non-diverse party's liability-inducing activities. *Id.* Thus, this Court cannot conclude, as Defendant urges, that mere awareness of a non-diverse party prior to the filing of the Complaint combined with a failure to include that party in the original complaint demonstrates a *per se* intent to defeat diversity.

defendant in the initial complaint. First, Plaintiff only sought specific performance under the construction bond in the original complaint.[3] Thus, Plaintiff need not have included TAK as a defendant, and in fact, based upon the relief sought in the original complaint, TAK would not have been a proper party to a complaint seeking specific performance under the construction bond. Second, Defendant's actions subsequent to the filing of Plaintiff's original complaint and after removal of this action logically triggered Plaintiff's response. Defendant countersued Plaintiff in this action for monetary damages arising from Plaintiff's failure to pay requisition orders by TAK and Defendant prior to a declaration of TAK's alleged default under the construction contract. A resolution of the complaint and counterclaim would require a determination of the scope of TAK's alleged default and TAK's rights to payment under the construction contract. Thus, it is wholly appropriate for Plaintiff to seek the addition of TAK as a party in this suit. The R&R appropriately focused on actions that transpired after the filing of the Complaint and considered the effect of Defendant's actions in enlarging the scope of this case.

With regards to Defendant's third argument that Plaintiff is now seeking to avoid

---

[3] Defendant argues that the R&R fails to appreciate that Plaintiff's original complaint was in fact a suit for monetary damages since specific performance was not a remedy available to Plaintiff. Without commenting on the appropriateness of such a remedy in this case, the Court merely notes that Defendant's citation to *Lester's Home Furnishings v. Modern Furniture Co.*, 1 N.J. Super. 365, 368 (Ch. Div. 1948) is overly broad and does not support the contention that specific performance is never available as a remedy in construction contracts. Rather, *Lester's Home Furnishings* stands for the proposition that in New Jersey, specific performance in construction contracts is generally denied with some exceptions. *Id.* The Court declines to comment on the relative merits of Plaintiff's claim at this time. Additionally, the Court's comments at the Order to Show Cause hearing should be confined to the issue before the Court–whether emergency relief was warranted at that time.

federal jurisdiction after having failed to obtain immediate relief in the Order to Show Cause, this Court finds that the denial of immediate relief was likely irrelevant to Plaintiff's decision to add TAK as a defendant in this case. The Court's critical remarks regarding the emergent nature of the application did not reflect any considerations of the merits of the case. Instead, the Court's observations reflected its considerations regarding the immediate relief requested by Plaintiff. To the extent that Plaintiff "tested the waters," it was with respect to immediate relief. Additionally, the sequence of events supports a finding that Plaintiff was motivated primarily by Defendant's counterclaim, not by its failure to obtain immediate relief. Plaintiff did not seek to amend the complaint after being denied the order to show cause but rather sought amendment after the filing of Defendant's counterclaim.

These reasons undermine Defendant's argument that the primary motive in filing the motion to join TAK as a party in this case was to defeat jurisdiction. It appears from the sequence of events that Plaintiff's primary purpose in adding TAK to this litigation was to respond to the assertions of claims against Plaintiff by Defendant and TAK as well as to promote the efficient resolution of the ongoing construction dispute. The Court cannot conclude that Plaintiff's motion to add a non-diverse defendant was predominately motivated by their attempt to defeat federal jurisdiction. Thus, the Court agrees with the R&R that the first *Hensgens* factor weighs in favor of Plaintiff.

    (ii)  Dilatory Conduct

With regards to the second *Hensgens* factor, the R&R correctly determined that Plaintiff was not dilatory in seeking to amend its complaint. Dilatory conduct under this factor takes into consideration the length of time as well as the nature of the delay. *See Doe*, 2007 WL 2155553, at *3, 2007 U.S. Dist. LEXIS 53644, at *16-17. In considering the nature of the delay, a plaintiff's conduct may be found dilatory when the purpose of the delay was to unnecessarily prolong litigation. *See Kahhan v. Mass. Cas. Ins. Co.*, No. 01-1128, 2001 WL 1454063, at *3, 2001 U.S. Dist. LEXIS 18561, at *7 (E.D. Pa. Nov. 14, 2001).

In this case, Plaintiff's delay in seeking to amend cannot fairly be characterized as dilatory. There has been no significant passage of time between the filing of the Answer and Counterclaim and the Motion to Join and Remand. In ascertaining the nature of the delay, the sequence of events and the actions of the parties are again relevant to the Court's inquiry. The Complaint originally sought specific performance from Defendant under the performance bond. Although Plaintiff was clearly aware of TAK's involvement in the facts of this action, TAK did not become relevant as a party to the Complaint prior to Defendant's Answer and Counterclaim. *See*, *e.g.*, *Kahhan*, 2001 WL 1454063, at *3, 2001 U.S. Dist. LEXIS 18561, at *7 (finding a lack of dilatory conduct when plaintiff sought to include a non-diverse defendant after insurance company defendant's answer raised the issue of the non-diverse defendant's liability). Defendant's counterclaim alleged monetary damages arising from Plaintiff's breach of its contract

8

with TAK. Thus, Plaintiff's motion to amend the Complaint to include TAK as a defendant ten days after TAK became a relevant party to this action and before any discovery has been conducted in this case was not dilatory and weighs in favor of joinder and remand.

        (iii)    Prejudice to Plaintiff

The third *Hensgens* factor–prejudice to the plaintiff–also weighs in favor of Plaintiff. As the R&R correctly notes, there will be both economic and legal prejudice to Plaintiff if the motion to amend is not granted. With regards to economic prejudice, Plaintiff will clearly bear an economic burden in maintaining two separate actions. Although Defendant has proposed coordination of discovery between the two cases in order to minimize the potential economic prejudice, Plaintiff will nevertheless be required to litigate two cases involving essentially the same set of facts, documents, and issues in two different forums. *See*, *e.g.*, *Kahhan*, 2001 WL 1454063, at *2, 2001 U.S. Dist. LEXIS 18561, at *6.

With regards to legal prejudice to Plaintiff, the Court recognizes that although Plaintiff could bring a separate suit against TAK in state court, as TAK and Defendant are jointly and severally liable to Plaintiff, there is a genuine risk of conflicting findings and rulings. The state court must interpret the terms of the construction contract, determine the breaching party, and ascertain the proper damages for any breach of contract. Similar determinations will be required from this Court in order to assess whether Defendant's

claims for monetary damages from Plaintiff are proper.

Defendant's attempts to minimize the risk of inconsistent rulings is unfounded. Defendant argues that the "comity doctrine" will ensure that the state court's action will be stayed pending the resolution of the federal court action. Defendant, however, cannot guarantee that the state court action will be stayed pending this Court's review, and this Court cannot dismiss the risk of inconsistent rulings based upon Defendant's speculation regarding the potential actions of a state court. Furthermore, even if the state court were to stay its proceedings, the risk of conflicting ruling remains since the comity doctrine merely stays, not eliminates, the state court proceeding. Thus, there is some prejudice to Plaintiff, in the form of increased costs and potential for inconsistent rulings, that results if the amendment is not allowed.

    (iv)  Other Equitable Factors

The R&R also appropriately considered judicial efficiency and economy as a factor in the Court's decision to allow joinder. *See Kahhan*, 2001 WL 1454063 at, *3, 2001 U.S. Dist. LEXIS 18561, at *7. As Defendant has recognized by arguing that the comity doctrine is applicable, both the state and federal cases "involve the same parties, claims and issues." (Def.'s Objections to R&R 13.) It would be a waste of judicial resources to allow two separate proceedings. As the issues in this case involve application of state law, Defendant would not be prejudiced by a remand to a state court. *See Kahhan*, 2001 WL 1454063, at *3, 2001 U.S. Dist. LEXIS 18561, at *9 (where state

law issues predominate, federal courts prefer to have state courts interpret their own laws)(citations omitted).

Defendant argues that the R&R failed to consider alleged improper contacts between the City of Perth Amboy's mayor and a state court judge in weighing the *Hensgens* factors. Defendant asserts that the mere fact that the mayor made a comment that he had visited the construction site with a state court judge and informed the judge of TAK's problems weighs against allowing the addition of a non-diverse defendant. Defendant, however, fails to substantiate their allegation and expressly disclaims any knowledge of whether these statements were accurate. Although the Court is sensitive to the role of diversity jurisdiction in protecting non-citizen defendants from any potential local prejudice in state court, this sensitivity is inherent in the Court's balancing of the defendant's interest in remaining in the federal forum with the competing interest in eschewing parallel cases. Furthermore, even assuming that improper conduct by one state court judge was an appropriate equitable factor for consideration, Defendant's mere speculation of impropriety is not sufficient to factor into the Court's equitable analysis. Thus, the Court finds that the R&R appropriately refused consideration of the alleged improper contacts.

In short, based upon a consideration of the competing interests of the parties, the Court finds that the *Hensgens* factors weigh in favor of granting Plaintiff's motion to join TAK and remand this action to state court.

11

  C. *Judicial Estoppel*

The doctrine of judicial estoppel allows courts to dismiss a litigant's argument or complaint without consideration of the underlying merits where "a plaintiff, who has obtained relief from an adversary by asserting and offering proof to support one position" in court attempts to "establish against the same adversary a second claim inconsistent with his earlier contention," and "such dismissal is necessary to prevent a litigant from 'playing fast and loose with the courts.'" *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003)(citing *Scarano v. Cent. R. Co. of N.J.*, 203 F.2d 510, 513 (3d Cir. 1953)).  Estoppel may be properly asserted when: (1) a party has taken two irreconcilably inconsistent positions; (2) a party has changed its litigating position in bad faith; and (3) no lesser sanction would be adequate to remedy the damage.  *See id.*  Courts have cautioned that this doctrine is to be applied only "to avoid a miscarriage of justice." *See id.*

The R&R found that this extraordinary remedy was not applicable in this case. Defendant objects and argues that: (1) Plaintiff's certification in its original Complaint that no other parties should be joined must now preclude Plaintiff's attempt to join TAK by amendment; and (2) Plaintiff has "litigated too far in Federal Court." (Def.'s Objection to R&R 18-19.)  Putting aside the issue of whether this Court even has the jurisdiction to decide this issue once it has determined that a review of the *Hensgens* factors requires remand, it is sufficient to state that judicial estoppel would be

inappropriate in this case. First, Plaintiff's certification is not irreconcilably inconsistent with Plaintiff's later position that TAK should now be joined. The enlarged scope of this action justifies the Plaintiff's changed position with respect to the appropriate parties to be joined in this case. The Court will not deem such conduct as espousing an irreconcilably inconsistent position.

Additionally, the Court does not find that Plaintiff has availed itself of the federal forum such that Plaintiff cannot now argue that remand is proper. Discovery has not been undertaken in this case, and the parties have not invested substantial efforts in this forum. Although Plaintiff has made an application for an order to show cause, Plaintiff first filed an order to show cause in state court and merely renewed its application before the Court upon removal of this action by Defendant. Second, as discussed above, the Court does not find that Plaintiff acted in bad faith. Third, without evaluating whether lesser sanctions would have been appropriate, the Court finds that allowing the addition of TAK to this litigation would not be a miscarriage of justice. All parties will have their day in court, and their claims evaluated on the merits, albeit in a different forum.

*D.     Failure to Attach Proposed Pleadings*

As discussed in the R&R, proposed pleadings in this case were not necessary as Plaintiff represented that its claims against TAK were similar to the claims being asserted in state court. Thus, the exercise of discretion in allowing amendment to the pleadings without submission of proposed pleadings was appropriate.

13

**III.    CONCLUSION**

For the foregoing reasons, the Report and Recommendation by Magistrate Judge Falk is adopted by this Court, and Plaintiff's Motion for Joinder and Remand is granted. An appropriate Order accompanies this Opinion.

s/William J. Martini
**William J. Martini, U.S.D.J.**

Dated: March 10, 2008.